## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA BROWN, HARVEY CLARK, CLINT & CHRISTI DORN, MICHAEL & LORIE GRUHLKE, STEVEN STEELE & DAWN PEIL, | ) ) ) ) ) | No. 07 C 4890 |
| PLAINTIFFS, | ) ) | Judge Charles P. Kocoras |
| vs. | ) ) | Magistrate Judge Maria Valdez |
| AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, HomeEq SERVICING CORPORATION, U.S. BANK, NA, WILSHIRE CREDIT CORPORATION, & MERRILL LYNCH MORTGAGE LENDING, INC., | ) ) ) ) ) ) ) ) | |
| DEFENDANTS | ) | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO 12(b)(6)

Defendants, Wilshire Credit Corporation and Merrill Lynch Mortgage Lending, Inc., submit the following Memorandum in support of their Motion to Dismiss the Plaintiffs' Complaint against them.

### Standard

For purposes of a 12(b)(6) Motion to Dismiss, this Court accepts the facts of the Complaint as true. *Cunningham v. Village of Sauget*, 2007 U.S. Dist. LEXIS 62282, *5-*6. Although this is a liberal notice pleading standard, rather than a rigid fact pleading standard, the Complaint must plead facts which show "the right to relief exists beyond mere speculation. . . ." *Id., citing BellAtlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (May 21, 2007).

## Claims Against Wilshire Credit Corporation

Plaintiffs allege that Wilshire Credit Corporation ("Wilshire") services a mortgage loan made to Michael and Lori Gruhlke (collectively, the "Gruhkles") by Defendant Ameriquest Mortgage Company. The Gruhkles further allege that Merrill Lynch Mortgage Lending, Inc. presently owns the Gruhlkes' mortgage loan. Count I of the Plaintiffs' Complaint seeks to rescind the mortgage pursuant to 15 U.S.C. §1635 for defects in the Notice of Right to Cancel forms provided the Gruhlkes at closing.[1]

The Complaint alleges that the Notice of Right to Cancel forms have no expiration date. The Complaint further alleges that Ameriquest misled the Gruhlkes about the interest rate and possibility of refinancing and that Ameriquest misrepresented the Gruhlkes' rescission rights in violation of 12 CFR § 226.23(b)(1)(iv) by telling Mr. Gruhlke he would have to pay a $75 notary fee if he did not sign the papers. All allegations in the Complaint concerning the loan which Wilshire services are based upon Ameriquest's purported actions during the closing of the loan.

Wilshire is merely a servicer of the loan in question and is, therefore, exempt from liability for disclosure violations. 15 U.S.C. § 1641(f)(1). Furthermore, as a mere servicer, Wilshire is not subject to any claims for damages resulting from violations of the Truth in Lending Act. *See Bills v. BNC Mortgage, Inc.*, 2007 U.S. Dist. LEXIS 35301, *5 (N.D. Ill., May 11, 2007). Wilshire is not a proper party to this suit and the Complaint against it should be dismissed and with prejudice as it relates to Wilshire.

Moreover, this District has specifically held that any relief granted would be complete without the inclusion of a mere servicer and that a servicer is not a necessary party to an action for rescission. *Id.* at *6; *Walker v. Gateway Financial Corp.*, 286 F.Supp. 2d 965, 969 (N.D. Ill. 2003).

---

[1] Count II asserts a state law claim for fraud against Ameriquest, AMC Mortgage Services and Deutsche Bank only.

Federal Rule of Civil Procedure 19(a) permits joinder of parties without whom complete relief cannot be achieved or of parties who claim an interest relating to the subject of the action such that "the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. Pro. 19(a). Some courts in the District have held that a servicer may be a necessary party under Federal Rule 19(a). *See, e.g., Miranda v. University Fin. Group, Inc.*, 459 F.Supp. 2d 760, 765-66 (N.D. Ill. 2004), *citing Adams v. Nationscredit Fin Serv's.*, 351 F.Supp. 2d 829, 835 (N.D. Il.. 2004); *Hurd v. First NLC*, 2004 U.S. Dist. LEXIS 26557, *3-5 (N.D. Ill. Oct 1, 2004); *Hankins v. Equicredit Corp.*, 2003 U.S. Dist. LEXIS 26195, *3-4. However, cases dismissing mere servicers from cases seeking rescission for TILA violations offer a more persuasive authority. *See, e.g., Bills*, U.S. Dist. LEXIS 35301 at *6; *Walker*, 286 F.Supp. 2d at 969. Rescission automatically terminates the servicer's interest in connection with the loan; therefore, the servicer's presence in the suit is unnecessary and does not justify the party's "having to employ counsel and incur expenses." *See Walker*, 286 F.Supp. 2d at 969. The Courts in *Bills* and *Walker* specifically rejected the argument advanced in *Miranda*, and the cases which it cites, that failure to include the servicer in the suit could create problems, such as improper credit reporting or foreclosure, if the plaintiffs win rescission. The courts in *Bills* and *Walker* found those potential problems simply too speculative to warrant the servicer's inclusion in a lengthy and contentious Federal law suit.

Even if this Court finds the reasoning of *Miranda* generally persuasive, it is not applicable here. In *Miranda* the servicer was in the same position as an assignee because it at one

time owned the obligation and has reassigned the mortgage, although it continued to service the loan. *Miranda*, 459 F.Supp. 2d at 765.

Wilshire is a mere servicer of the Gruhlkes' loan and has at no point been an assignee of the loan. Wilshire, therefore, cannot be liable for rescission, damages or attorneys' fees in this litigation. Because they are not a necessary party and because any relief granted in the suit will be complete without the inclusion of Wilshire, the Complaint against it should be dismissed with prejudice.

## Claims Against Merrill Lynch Mortgage Lending, Inc.

The Gruhlkes allege that Merrill Lynch Mortgage Lending, Inc. ("Merrill") is the assignee and current holder of the Gruhlke mortgage. (Complaint, ¶5) The Gruhlkes assert the same claims against Merrill under 15 U.S.C. §1635 for violations of 12 CFR § 226.23(b)(1): that Mr. Gruhlke would have to pay a $75 notary fee, if he did not sign the papers and that Ameriquest made misrepresentations about the interest rate and possibility of refinancing.

The standard for assignee liability it well-settled and clear. "Only violations that a reasonable person can spot on the face of the disclosure documents or other assigned documents will make an assignee liable under the TILA." *Briggs v. Provident Bank, et al.*, 394 F.Supp. 2d 1124, 1131-32 (N.D. Ill. 2004); *see also* 15 U.S.C. §1641(a). Merrill Lynch, therefore, simply cannot be liable for a violation such as Ameriquest telling the Mr. Gruhlke he would be liable for a notary fee if he did not sign the disclosures or for misrepresentations concerning the possibility of refinancing. Representations made at closing which contradict the disclosures would not be apparent on their face to an assignee and an assignees cannot be liable for them.

The Gruhlkes' allegations include a claim that Mr. Gruhlke was told he would be charged a $75 notary fee if he did not sign the documents and that Ameriquest misrepresented the

potential for refinancing the loan. However, an assignee, like Merrill, is exempt from the alleged fraudulent conduct of a predecessor where the assignee had no knowledge of, or part in, the alleged fraud. *Jarvis v. S. Oak Dodge*, 201 Ill. 2d 81, 93 (2002). The deception described in the Complaint is outside the disclosure documents and the disclosures are not fraudulent on their face.

Furthermore, the Seventh Circuit has specifically rejected the imposition of statutory damages on assignees for violations which are not apparent on the face of the document. *See Taylor v. Quality Hyundai Inc.*, 150 F.3d 689, 694 (7th Cir. 1998). As assignee, Merrill Lynch is not liable for actual damages, statutory damages or attorneys' fees for a violation of the TILA.

The Northern District, contrary to the 7th Circuit, has suggested that statutory damages may be a possible remedy against a mere assignee. *Fairbanks Capital Corp. v. Jenkins*, 225 F.Supp. 2d 910 (N.D.Illl. 2002). However, that reasoning has been roundly rejected in other cases in the Northern Dist. *See, e.g., Briggs*, 394 F.Supp. 2d at 1131-32; *Walker v. Gateway Financial Corp.*, 286 F.Supp. 2d 965, 968-69 (N.D. Ill. 2003); *Jenkins v. Mercantile Mortgage Co.*, 231 F.Supp. 2d 737, 746-47 (N.D. Ill. 2002). Courts in other Districts, as well, reject imposition of statutory damages. *Brodo v. Bankers Trust Co.*, 847 F. Supp. 353, 359 (E.D. Pa. 1994). Remedies under the TILA against assignees for violations which are not apparent on the face of the documents "unequivocally" do not include damages and attorney's fees. *Brodo*, at 359. To impose such damages on an assignee would "create an impermissible end run around the obvious congressional purpose that underlies [Section 1641(a)]." *Walker*, at 969. The case law in support of this limitation is clear and substantial and should not be abandoned without a clear mandate from Congress. *Briggs*, at 1131-32. There is no reason to abandon the reasoning of these courts and expand liability for mere assignees under the TILA.

*Fairbanks*, in any event, does not stand for the proposition that statutory damages and attorneys' fees will be imposed on a mere assignee because the Court in *Fairbanks* did not impose attorneys' fees for a facially-apparent violation of the TILA. Rather the *Fairbanks* court suggested that fees might be available for refusal to honor a proper request for rescission. *Fairbanks*, 225 F.Supp. 2d at 917.

The portions of the Complaint which seek to impose liability upon Merrill Lynch as owner of the Mortgage for misrepresentations purportedly made by Ameriquest do not allege violations of the TILA which are discernable on the face of documents assigned to Merrill Lynch. As such, Merrill Lynch is not liable for those violations and those claims should be dismissed as to Merrill Lynch in their entirety and with prejudice.

WHEREFORE, Wilshire Credit Corporation and Merrill Lynch Mortgage Lending, Inc. respectfully request this Court enter an order dismissing the Complaint with prejudice and for other such relief as this Court deems fit.

Dated: October 22, 2007

<div style="margin-left:40%">

Respectfully submitted,
Wilshire Credit Corporation
Merrill Lynch Mortgage Lending, Inc.,
Defendants,
By:


 s/ Elizabeth Monkus
One of their Attorneys
Elizabeth Monkus
Hauselman, Rappin & Olswang, Ltd.
39 S. LaSalle Street, suite 1105
Chicago, IL 60603

</div>