| | | |
|---|---|---|
| PAMELA BROWN, HARVEY CLARK, | ) | |
| CLINT & CHRISTI DORN, MICHAEL & | ) | |
| LORIE GRUHLKE, STEVEN STEELE & | ) | No. 07 C 4890 |
| DAWN PEIL, | ) | |
| | ) | |
| PLAINTIFFS, | ) | Judge Marvin E. Aspen |
| | ) | |
| vs. | ) | transferred to MDL-1715 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, et al. | ) | |
| | ) | |

## <u>MEMORANDUM IN SUPPORT OF</u>
## <u>MOTION TO DISMISS PURSUANT TO 12(b)(6)</u>

Defendant, Wilshire Credit Corporation ("Wilshire"), submits the following Memorandum in support of its Motion to Dismiss the Amended Complaint.

### <u>Standard</u>

For purposes of a 12(b)(6) Motion to Dismiss, this Court accepts the facts of the Complaint as true. *Cunningham v. Village of Sauget*, 2007 U.S. Dist. LEXIS 62282, *5-*6. Although this is a liberal notice pleading standard, rather than a rigid fact pleading standard, the Complaint must plead facts which show "the right to relief exists beyond mere speculation. . . ." *Id., citing BellAtlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (May 21, 2007).

### <u>Claims Against Wilshire Credit Corporation</u>

Plaintiffs allege that Wilshire services a mortgage loan made to Michael and Lori Gruhlke (collectively, the "Gruhkles") by Defendant Ameriquest Mortgage Company. Count I of

the Plaintiffs' Complaint seeks to rescind the mortgage pursuant to 15 U.S.C. §1635 for defects in the Notice of Right to Cancel forms provided the Gruhlkes at closing.[1]

The Complaint alleges that the Notice of Right to Cancel forms have no expiration date. The Complaint further alleges that Ameriquest misled the Gruhlkes about the interest rate and possibility of refinancing and that Ameriquest misrepresented the Gruhlkes' rescission rights in violation of 12 CFR § 226.23(b)(1)(iv) by telling Mr. Gruhlke he would have to pay a $75 notary fee if he did not sign the papers. All allegations in the Complaint concerning the loan which Wilshire services are based upon Ameriquest's purported actions during the closing of the loan.

Wilshire is merely a servicer of the loan in question and is, therefore, exempt from liability for disclosure violations. 15 U.S.C. §1641(f)(1); *see also Adams v. Nationscredit Fin. Servs. Corp.*, 351 F. Supp. 2d 829, 835 (N.D. Ill. 2004). Furthermore, as a mere servicer, Wilshire is not subject to any claims for damages resulting from violations of the Truth in Lending Act. *See Bills v. BNC Mortgage, Inc.*, 2007 U.S. Dist. LEXIS 35301, *5 (N.D. Ill., May 11, 2007). Wilshire is not a proper party to this suit and the Complaint against it should be dismissed and with prejudice as it relates to Wilshire. Moreover, this District has specifically held that any relief granted would be complete without the inclusion of a mere servicer and that a servicer is not a necessary party to an action for rescission. *Id.* at *6; *Walker v. Gateway Financial Corp.*, 286 F.Supp. 2d 965, 969 (N.D. Ill. 2003).

Federal Rule of Civil Procedure 19(a) permits joinder of parties without whom complete relief cannot be achieved or of parties who claim an interest relating to the subject of the action such that "the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons

---

[1] Count II asserts a state law claim for fraud against Ameriquest, AMC Mortgage Services and Deutsche Bank National Trust Company only. Count III asserts a negligence claim against Ameriquest, AMC Mortgage Services, ACC Capital Holdings and Deutsche Bank National Trust Company only.

already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. Pro. 19(a). Some courts in the Northern District have held that a servicer may be a necessary party under Federal Rule 19(a). *See, e.g., Miranda v. University Fin. Group, Inc.*, 459 F.Supp. 2d 760, 765-66 (N.D. Ill. 2004), *citing Adams v. Nationscredit Fin Serv's.*, 351 F.Supp. 2d 829, 835 (N.D. Il.. 2004); *Hurd v. First NLC*, 2004 U.S. Dist. LEXIS 26557, *3-5 (N.D. Ill. Oct 1, 2004); *Hankins v. Equicredit Corp.*, 2003 U.S. Dist. LEXIS 26195, *3-4. However, cases dismissing mere servicers from cases seeking rescission for TILA violations offer a more persuasive authority. *See, e.g., Bills*, U.S. Dist. LEXIS 35301 at *6; *Walker*, 286 F.Supp. 2d at 969. Rescission automatically terminates the servicer's interest in connection with the loan; therefore, the servicer's presence in the suit is unnecessary and does not justify the party's "having to employ counsel and incur expenses." *See Walker*, 286 F.Supp. 2d at 969. The Courts in *Bills* and *Walker* specifically rejected the argument advanced in *Miranda*, and the cases which it cites, that failure to include the servicer in the suit could create problems, such as improper credit reporting or foreclosure, if the plaintiffs win rescission. The courts in *Bills* and *Walker* found those potential problems simply too speculative to warrant the servicer's inclusion in a lengthy and contentious Federal law suit.

Even if this Court finds the reasoning of *Miranda* generally persuasive, it is not applicable here. In *Miranda* the servicer was in the same position as an assignee because it at one time owned the obligation and has reassigned the mortgage, although it continued to service the loan. *Miranda*, 459 F.Supp. 2d at 765.

Wilshire has always been a mere servicer of the Gruhlkes' loan and was never an assignee of the loan. Wilshire, therefore, cannot be liable for rescission, damages or attorneys'

the suit will be complete without the inclusion of Wilshire, the Complaint against it should be dismissed with prejudice.

Finally, Wilshire, as a mere servicer, is more akin to an agent than a former assignee. It may suffer an adverse consequence, the rescission of the mortgage it services, as a result of this litigation, but the dispute is between the Gruhlke's and the issuer of the mortgage, the only party who has liability for violations of Truth in Lending disclosure requirements. Wilshire, therefore, is not a necessary party to the action. *See Broker's Trust Clearing Corp. v. Noe*, 1988 U.S. Dist. LEXIS 10126 (N.D. Ill. 1988). Dismissal of Wilshire from this action will not create additional litigation or inconsistent results. Wilshire's presence or absence in this suit will not affect the outcome of this case.

WHEREFORE, Wilshire Credit Corporation respectfully requests this Court enter an order dismissing the Complaint against it with prejudice and for other such relief as this Court deems fit.

Dated: January 24, 2008

Respectfully submitted,
Wilshire Credit Corporation
Defendant,
By:


 s/ Elizabeth Monkus
One of their Attorneys
Elizabeth Monkus
Hauselman, Rappin & Olswang, Ltd.
39 S. LaSalle Street, suite 1105
Chicago, IL 60603